# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| L&L CANDLE COMPANY LLC AND SOTERA TSCHETTER, INC., | | |
| Plaintiffs, | | |
| v. | | Case No. 6:20-cv-293 |
| THE GERSON COMPANY, GERSON INTERNATIONAL (H.K.) LTD., STERNO HOME INC., NINGBO HUAMAO INTERNATIONAL TRADING CO., LTD., NINGBO YINZHOU LANGSHENG ARTWARE CO., LTD., LIFETIME BRANDS, INC., SCOTT BROTHERS ENTERTAINMENT, INC., NANTONG YA TAI CANDLE ARTS & CRAFTS CO., LTD., NAPASTYLE, INC., VERAFLAME INTERNATIONAL, INC., MERCHSOURCE, LLC, NINGBO MASCUBE IMPORT EXPORT COMPANY, DECORWARE INTERNATIONAL INC. DBA DECOREWARE INC., SHENZHEN GOLDENWELL SMART TECHNOLOGY CO., LTD., SHENZHEN KSPERWAY TECHNOLOGY CO., LTD., NINGBO SHANHUANG ELECTRIC APPLIANCE CO., YIWU SHENGDA ART CO., LTD., SHENZHEN TONGFANG OPTOELECTRONIC TECHNOLOGY CO., LTD, TFL CANDLES, GUANGDONG TONGFANG LIGHTING CO., LTD., TONGFANG OPTOELECTRIC COMPANY, AND VIRTUAL CANDLES LIMITED, | | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | | |

Plaintiffs L&L Candle Company LLC ("L&L") and Sotera Tschetter, Inc. ("Sotera Tschetter") hereby plead the following claims for patent infringement against Defendants, and allege as follows:

**PARTIES**

**A.      Plaintiffs**

1.      Plaintiff L&L Candle is a U.S. corporation organized under the laws of the state of Delaware with a principal place of business located at 621 Lunar Avenue, Brea, CA 92821.

2.      Plaintiff Sotera Tschetter, Inc. ("Sotera Design") is a Minnesota corporation with a principal place of business at 755 Prior Avenue N., St. Paul, MN 55104.

**B.      Defendants**

      **i.      Gerson Respondents**

3.      On information and belief, Defendant The Gerson Company ("Gerson") is a corporation organized and existing under the laws of Missouri with headquarters at 1450 South Lone Elm Road, Olathe, Kansas 66061.

4.      On information and belief, Defendant Gerson International (H.K.) Ltd. ("Gerson Hong Kong") (CR No. 0880157) is a corporation organized and existing under the laws of Hong Kong with headquarters at Unit 1310, Harbour Centre, Tower 1, 1 Hok Cheung Street, Hung Hom, Kowloon, Hong Kong.

5.      Gerson and Gerson Hong Kong are referred to herein collectively as "Gerson Defendants."

      **ii.      Sterno Home Defendants**

6.      On information and belief, Defendant Sterno Home Inc. ("Sterno Home") is a corporation organized and existing under the laws of Canada with headquarters at 1 Burbidge St, Suite 101, Coquitlam, BC Canada V3K 7B2.

1

7.      On information and belief, Defendant Ningbo Huamao International Trading Co., Ltd. ("Ningbo Huamao") (ID No. 91330212058264439W) is a corporation organized and existing under the laws of China with headquarters at 17th Floor, Heng Fu Building 1, No 828 Fuming Road, Jiangdong District, Ningbo City, Zhejiang Province, China, 315041.

8.      On information and belief, Defendant Ningbo Yinzhou Langsheng Artware Co., Ltd. ("Ningbo Langsheng") is a corporation organized and existing under the laws of China with headquarters at No. 3 Langsheng Road, Yinzhou District, Ningbo City, Zhejiang Province, China, 315158.

9.      Sterno Home, Ningbo Huamao, and Ningbo Langsheng are referred to herein collectively as "Sterno Home Defendants."

### iii.      Lifetime Brands Defendants

10.      On information and belief, Defendant Lifetime Brands, Inc. ("Lifetime Brands") is a corporation organized and existing under the laws of Delaware with headquarters at 1000 Stewart Avenue, Garden City, NY 11530.

11.      On information and belief, Defendant Scott Brothers Entertainment, Inc. ("Scott Brothers") is a corporation organized and existing under the laws of Nevada with headquarters at 8022 S Rainbow Blvd., Suite 421, Las Vegas NV 89139.

12.      On information and belief, Defendant Nantong Ya Tai Candle Arts & Crafts Co., Ltd. ("Nantong Ya Tai") is a corporation organized and existing under the laws of China with headquarters at East Industrial Park, Nantong City, Jiangsu Province, China.

13.      Lifetime Brands, Scott Brothers, and Nantong Ya Tai are referred to herein collectively as "Lifetime Brands Respondents."

### iv.      NapaStyle

14.      On information and belief, Defendant NapaStyle, Inc. ("NapaStyle") is a corporation organized and existing under the laws of Delaware with headquarters at 360 Industrial Ct. Ste A, Benicia California 94510.

### v.     Veraflame

15.     On information and belief, Defendant Veraflame International, Inc. ("Veraflame") is a corporation organized and existing under the laws of Canada with headquarters at 1383 8th Ave., W, Vancouver, BC Canada V6H 3W4.

### vi.     MerchSource Defendants

16.     On information and belief, Defendant MerchSource, LLC ("MerchSource") is a limited liability company organized and existing under the laws of Delaware with headquarters at 7755 Irvine Center Drive, Irvine, CA 92618.

17.     On information and belief, Defendant Ningbo Mascube Import Export Company ("Ningbo Mascube") (ID No. 913302067133149827) is a corporation organized and existing under the laws of China with headquarters at No. 58 Dagang Middle Road, Beilun District, Ningbo City, Zhejiang Province, China, 315826.

18.     MerchSource and Ningbo Mascube are referred to herein collectively as "MerchSource Defendants."

### vii.     Decorware

19.     On information and belief, Defendant Decorware International Inc. dba Decoreware Inc. ("Decorware") is a corporation organized and existing under the laws of California with headquarters at 10220 4th Street, Rancho Cucamonga, CA 91730.

### viii.     Ksperway Defendants

20.     On information and belief, Defendant Shenzhen Goldenwell Smart Technology Co., Ltd. ("Shenzhen Goldenwell") is a corporation organized and existing under the laws of China with headquarters at Room 56, 10F, West Building 2, Saige Tech. Indust. Prk., Huaqiang North Road, Futian District Shenzhen City, Guangdong Province, China, 518023.

21.     On information and belief, Defendant Shenzhen Ksperway Technology Co., Ltd. ("Shenzhen Ksperway") is a corporation organized and existing under the laws of China

with headquarters at Room 58, 1-7R, 10F, Building 2, Saige Tech. Indust. Prk., Huaqiang North Road, Futian District, Shenzhen City, Guangdong Province, China, 518023.

22.     Shenzhen Goldenwell and Shenzhen Ksperway are referred to herein collectively as "Ksperway Defendants."

### ix.     Ningbo Shanhuang

23.     On information and belief, Defendant Ningbo Shanhuang Electric Appliance Co. ("Ningbo Shanhuang") is a corporation organized and existing under the laws of China with headquarters at 115 Xinggongyi Road, Xinxing Industrial Area, Ninghai County, Ningbo City, Zhejiang Province, China, 315600.

### x.     Yiwu Shengda

24.     On information and belief, Defendant Yiwu Shengda Art Co., Ltd. ("Yiwu Shengda") (ID No. 913307827429106799) is a corporation organized and existing under the laws of China with headquarters at No. 16, Tianji Road, Yinan Ind. Zone, Fotang Town, Yiwu, Jinhua City, Zhejiang Province, China, 322002.

### xi.     Tongfang Defendants

25.     On information and belief, Defendant Shenzhen Tongfang Optoelectronic Technology Co., Ltd ("Shenzhen Tongfang") is a company organized and existing under the laws of China with headquarters at No. 1191 Guanguang Road, Longhua District, Shenzhen City, Guangdong Province, China 518110.

26.     On information and belief, Defendant TFL Candles ("TFL Candles") is a company organized and existing under the laws of China with headquarters at No. 1191 Guanguang Road, Longhua District, Shenzhen City, Guangdong Province, China, 518110.

27.     On information and belief, Defendant Guangdong Tongfang Lighting Co., Ltd. ("Tongfang Lighting") is a company organized and existing under the laws of China with headquarters at Building D, Keng Kou Digital Base, No. 9 Huzxi Rd. Guangzhou, Guangdong 510360 China.

28.     On information and belief, Defendant Tongfang Optoelectric Company ("Tongfang Optoelectric") is a company organized and existing under the laws of China with headquarters at 302 Building, 1193 Plant, Guanguang Road, Guanlan, Longhua District, Shenzhen City 518110, China.

29.     On information and belief, Defendant Virtual Candles Limited ("Virtual Candles") is a company organized and existing under the laws of England with headquarters at Church Farm, Ulcombe, Maidstone, Kent ME17 1DN.

30.     Shenzhen Tongfang, TFL Candles, Tongfang Lighting, Tongfang Optoelectric, and Virtual Candles are referred to herein collectively as "Tongfang Defendants."

## JURISDICTION AND VENUE

31.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

32.     This court has personal jurisdiction over Defendants because Defendants have, directly or through intermediaries, committed acts within Texas giving rise to this action and/or have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

33.     Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via established distribution channels, with the knowledge and/or understanding that such products are sold in the State of Texas, including in this District.

34.     Defendants have derived substantial revenues from their infringing acts occurring within the State of Texas and within this District.

35.     On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for at least the following defendants: Gerson Hong Kong, Sterno Home, Ningbo Huamao, Ningbo Langsheng, Nantong Ya Tai, Veraflame, Ningbo Mascube,

Shenzhen Goldenwell, Shenzhen Ksperway, Ningbo Shanhuang, Yiwu Shengda, Shenzhen Tongfang, TFL Candles, Tongfang Lighting, and Tongfang Optoelectric.[1]

## THE L&L PORTFOLIO

### A.     L&L Candle

36.     L&L was formed in 2017 as a joint venture between Luminara Worldwide LLC ("Luminara") and Shenzhen Liown Electronics Co. Ltd. ("Liown"), the two companies that, through their collective efforts and innovations, created and developed the U.S. market for artificial, flameless candles.

37.     Such candles utilize electrical and mechanical components to simulate the flickering effects of a flame as realistically as possible without the associated fire danger or other disadvantages of traditional burning candles.

38.     Luminara's electric candle innovations stem back to 2008, when Disney Enterprises, Inc., a wholly-owned subsidiary of The Walt Disney Co. (collectively, "Disney"), filed Provisional Patent Application No. 61/101,611.

39.     That provisional reflected work by Disney engineers—so-called "Imagineers"—for the Haunted Mansion attraction at the Disneyland park in Anaheim, California.  Specifically, the Haunted Mansion is an indoor ride in which visitors are transported through a series of spooky scenes.

40.     Although many of the Haunted Mansion scenes require candlelight for the proper mood and effect, using burning candles would represent a significant fire and safety hazard on such an indoor, motorized attraction.  Accordingly, Disney's Imagineers worked

---

[1] As to the remainder of the defendants, L&L is unsure whether they maintain sufficient facilities in this judicial district to justify venue.  Given the number of defendants and the substantial overlap of issues between them, L&L has filed a single case naming all of these defendants for judicial efficiency purposes, but for any defendant who believes their case is more properly venued elsewhere, L&L is open to meeting and conferring regarding an interdistrict transfer.

through a variety of artificial candle technologies before arriving at the invention claimed in Provisional Patent Application No. 61/101,611.

41.     Provisional Patent Application No. 61/101,611 eventually resulted in the issuance of a number of United States patents, including the '660 patent asserted here.

42.     Disney's rights in the '660 patent and other parts of its electric candle patent portfolio were eventually transferred to Luminara for commercialization.  Based in Minneapolis, Minnesota, Luminara worked to market and sell electric candles utilizing the Disney candle portfolio.  This effort included initiating sales and marketing relationships with a series of U.S. retailers like Bed, Bath & Beyond and Pottery Barn.  Luminara electric candles were also featured on broadcasts by the likes of QVC and Home & Garden Television.

43.     At roughly the same time, Liown was building an analogous electric candle business.  Beginning with international application PCT/CN2011/076449, filed on June 27, 2011, Liown received a series of U.S. patents related to its own electric candle innovations, including the '402, '971, and '471 patents.  In particular, Liown was able to miniaturize many of the internal candle components and simplify the design for manufacturing, allowing for incorporation of the artificial flame effect in narrower and smaller candle shapes, like tapers and tea lights.

44.     Where Luminara succeeded selling into so-called "big box" stores, Liown's Los Angeles-based sales team focused much of its commercialization efforts on smaller "mom-and-pop" retailers.

45.     In 2017, Luminara and Liown announced their joint venture, L&L. Combining the two companies' differing approaches was challenging but promised potential synergies that would benefit customers and the industry as a whole.

46.     While Luminara and Liown assigned many of their existing patents to L&L, the company has continued to innovate, building on the foundation laid by its predecessors. The '718 patent stems from an application filed by L&L itself.

7

47.     Collectively, L&L holds approximately 30 patents in the United States, covering a wide range of electric candle products and technologies.

48.     L&L's historic lineage, commitment to innovation, and high quality has enabled the company to grow into a global leader in the manufacture and sale of electric candles.

49.     To assist it with product design work, L&L has engaged Plaintiff Sotera Design, a Minnesota corporation with years of computer-aided design and product design experience.

50.     L&L has identified a noticeable decrease in sales from 2018 to 2019.  A primary reason for this decline in sales that L&L observed from 2018 to 2019 is the presence of other companies in the market, selling electric candles that also utilize the patented technology covered by L&L's patents without permission.

**B.      The L&L Portfolio**

51.     The asserted patents concern similar technology and are directed to similar accused products.  Specifically, they are all directed to artificial candles that simulate a flame effect using electronic components.

52.     Even more specifically, the accused electric candle products typically include a plastic or wax shell with electronic components disposed inside.  A flame-shaped sheet protrudes upward from the top surface of the accused products, and one or more lights or LEDs inside the shell shine their light up through the top of the shell onto the flame-shaped sheet.  The light illuminates the flame sheet, creating the visual effect that it is a glowing flame.

53.     Real flames are not stationary—they flicker.  Accordingly, in the accused products, the appearance of motion is introduced through a variety of potential means that either alter the duration, brightness, direction, and/or color of light being shone on the flame sheet or by physically moving the sheet.

8

54.     Such motion effects are generated and controlled by electric components inside the shell, including electronic circuitry that can vary the lighting and mechanical elements such as electromagnets that can move physical objects.

55.     As explained in more detail below, the inventions at issue all relate to the components used to render a simulated flame effect, including improving the realism of the effect and/or altering the size, number, or disposition of components involved in production of the effect to allow for use in smaller or differing candle form factors.

## THE ASSERTED PATENTS

### A.     The '660 Patent

56.     L&L is the owner by assignment of U.S. Patent No. 8,550,660 (the "'660 patent"). The '660 patent, entitled "Kinetic Flame Device," was duly and legally issued on October 8, 2013. The '660 patent issued from U.S. Patent Application No. 13/758,050, filed June 24, 2014.

57.     The '660 patent has 3 independent claims and 25 dependent claims.

58.     The '660 patent is due to expire on July 21, 2029.

59.     The '660 Patent relates in general to an artificial candle that creates a realistic flickering flame effect. Traditional candles create safety issues in many environments because of the presence of the flame and heat. Prior artificial candles used various techniques that resulted in poor imitations of a real flame candle and required substantial energy to operate. Among other benefits, the inventive apparatus creates a more realistic flickering flame effect using reduced energy consumption by projecting at least two light sources onto the outer portions of a plastic flame element and controlling them with a lighting program, which can vary the duration, brightness and/or color of the light sources.

### B.     The '402 Patent

60.     L&L is the owner by assignment of U.S. Patent No. 9,366,402 (the "'402 patent"). The '402 patent, entitled "Electronic Lighting Device and Method for

9

147891187.1

Manufacturing Same," was duly and legally issued on June 14, 2016.  The '402 patent issued from U.S. Patent Application No. 14/588,507, filed January 2, 2015.

61.     The '402 patent has 2 independent claims and 13 dependent claims.

62.     The '402 patent is due to expire on June 27, 2031.

63.     The '402 Patent relates in general to an electronic candle that creates a visual experience of true fire while simplifying manufacturing.  Cost is a substantial factor in the consumer home-goods market and simplifying manufacturing can reduce costs.  Among other benefits, the inventive apparatus creates a visual experience of true fire by projecting light from a light emitting diode, contained entirely within the interior, onto a flame-shaped component exposed above the upper surface, and simplifies manufacturing by using the sidewall to also serve as a cradle that forms an installation location for the light emitting diode

### C.     The '971 Patent

64.     L&L is the owner by assignment of U.S. Patent No. 9,512,971 (the "'971 patent").  The '971 patent, entitled "Electronic Lighting Device and Method for Manufacturing Same," was duly and legally issued on December 6, 2016.  The '971 patent issued from U.S. Patent Application No. 14/925,899, filed February 18, 2016.

65.     The '971 patent has 4 independent claims and 26 dependent claims.

66.     The '971 patent is due to expire on June 27, 2031.

67.     The '971 Patent relates in general to an electronic candle that creates a visual experience of true fire while simplifying manufacturing.  Among other benefits, the inventive apparatus creates a visual experience of true fire by projecting blinking light from a light emitting diode onto a flame-shaped component exposed above the upper surface, and simplifies manufacturing by using a cradle that forms an installation location for the light emitting diode.

10

### D. The '471 Patent

68.    L&L is the owner by assignment of U.S. Patent No. 9,523,471 (the "'471 patent").  The '471 patent, entitled "Electronic Lighting Device and Method for Manufacturing Same," was duly and legally issued on December 20, 2016.  The '471 patent issued from U.S. Patent Application No. 15/061,648, filed March 4, 2016.

69.    The '471 patent has 2 independent claims and 28 dependent claims.

70.    The '471 patent is due to expire on June 27, 2031.

71.    The '471 Patent relates in general to an electronic candle that simulates illumination resembling light from a traditional candle while simplifying manufacturing. Among other benefits, the inventive apparatus creates a visual experience of true fire by using a flame-shaped component that extends from inside the candle and can pivot on a support rod inside the candle, along with a light emitting diode that projects light onto the flame-shaped component capable of pivoting, and simplifies manufacturing by using a notch in the sidewall of the device to also retain the light emitting diode.

### E. The '718 Patent

72.    L&L is the owner by assignment of U.S. Patent No. 10,533,718 (the "'718 patent").  The '718 patent, entitled "Electronic Lighting Device," was duly and legally issued on January 14, 2020.  The '718 patent issued from U.S. Patent Application No. 16/395,124, filed April 25, 2019.

73.    The '718 patent has 3 independent claims and 19 dependent claims.

74.    The '718 patent is due to expire on June 27, 2031.

75.    The '781 Patent also relates in general to an electronic candle that creates a visual experience of true fire while simplifying manufacturing.  Among other benefits, the inventive apparatus creates a visual experience of true fire by projecting a light that blinks from a light source onto a flame-shaped component extending out of the top of the candle, and simplifies manufacturing by using a light source holding surface that is part of the enclosure to support the light emitting diode.

11

## CLAIMS FOR RELIEF

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,550,660

76.     Plaintiffs re-allege and incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

**A.     Gerson Defendants**

77.     On information and belief, the Gerson Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '660 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

78.     On information and belief, and by way of example, the Gerson Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Everlasting Glow, Hudson 43, and Oasis products.

79.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Gerson Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '660 Patent, either literally or under the doctrine of equivalents.

80.     The Gerson Defendants will continue to infringe the '660 patent unless and until they are enjoined by this Court.

81.     The Gerson Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Gerson Defendants' acts of infringement and, unless the Gerson Defendants are enjoined from their infringement of the '660 Patent, Plaintiffs will continue to suffer irreparable harm.

82.     As a result of the Gerson Defendants' unlawful infringement of the '660 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to

147891187.1

recover from the Gerson Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**B.      Sterno Home Defendants**

83.      On information and belief, the Sterno Home Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '660 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

84.      On information and belief, and by way of example, the Sterno Home Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mirage and Mirage Gold products.

85.      By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Sterno Home Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '660 Patent, either literally or under the doctrine of equivalents.

86.      The Sterno Home Defendants will continue to infringe the '660 patent unless and until they are enjoined by this Court.

87.      The Sterno Home Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Sterno Home Defendants' acts of infringement and, unless the Sterno Home Defendants are enjoined from their infringement of the '660 Patent, Plaintiffs will continue to suffer irreparable harm.

88.      As a result of the Sterno Home Defendants' unlawful infringement of the '660 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Sterno Home Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

147891187.1

C.      **Lifetime Brands Defendants**

89.     On information and belief, the Lifetime Brand Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '660 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

90.     On information and belief, and by way of example, the Lifetime Brand Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mikasa and Scott Living products.

91.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Lifetime Brand Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '660 Patent, either literally or under the doctrine of equivalents.

92.     The Lifetime Brand Defendants will continue to infringe the '660 patent unless and until they are enjoined by this Court.

93.     The Lifetime Brand Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Lifetime Brand Defendants' acts of infringement and, unless the Lifetime Brand Defendants are enjoined from their infringement of the '660 Patent, Plaintiffs will continue to suffer irreparable harm.

94.     As a result of the Lifetime Brand Defendants' unlawful infringement of the '660 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Lifetime Brand Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 9,366,402

95.     Plaintiffs re-allege and incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

**A.     Gerson Defendants**

96.     On information and belief, the Gerson Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

97.     On information and belief, and by way of example, the Gerson Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Everlasting Glow, Hudson 43, and Oasis products.

98.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Gerson Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

99.     The Gerson Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

100.     The Gerson Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Gerson Defendants' acts of infringement and, unless the Gerson Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

101.     As a result of the Gerson Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Gerson Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

15

B.      **Sterno Home Defendants**

102.    On information and belief, the Sterno Home Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

103.    On information and belief, and by way of example, the Sterno Home Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mirage and Mirage Gold products.

104.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Sterno Home Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

105.    The Sterno Home Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

106.    The Sterno Home Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Sterno Home Defendants' acts of infringement and, unless the Sterno Home Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

107.    As a result of the Sterno Home Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Sterno Home Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

C.      **Lifetime Brands Defendants**

108.    On information and belief, the Lifetime Brand Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims

16

of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

109.    On information and belief, and by way of example, the Lifetime Brand Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mikasa and Scott Living products.

110.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Lifetime Brand Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

111.    The Lifetime Brand Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

112.    The Lifetime Brand Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Lifetime Brand Defendants' acts of infringement and, unless the Lifetime Brand Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

113.    As a result of the Lifetime Brand Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Lifetime Brand Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

    **D.    NapaStyle Defendants**

114.    On information and belief, the NapaStyle Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

115.     On information and belief, and by way of example, the NapaStyle Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Napa Style products.

116.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the NapaStyle Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

117.     The NapaStyle Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

118.     The NapaStyle Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the NapaStyle Defendants' acts of infringement and, unless the NapaStyle Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

119.     As a result of the NapaStyle Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the NapaStyle Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

    **E.     Veraflame Defendants**

120.     On information and belief, the Veraflame Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

121.     On information and belief, and by way of example, the Veraflame Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the

147891187.1

United States after importation electric candles including, but not limited to, the Veraflame and Flickering Candle products.

122.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Veraflame Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

123.    The Veraflame Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

124.    The Veraflame Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Veraflame Defendants' acts of infringement and, unless the Veraflame Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

125.    As a result of the Veraflame Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Veraflame Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**F.    Decorware Defendants**

126.    On information and belief, the Decorware Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

127.    On information and belief, and by way of example, the Decorware Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the DW Home products.

147891187.1

128.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Decorware Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

129.    The Decorware Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

130.    The Decorware Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Decorware Defendants' acts of infringement and, unless the Decorware Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

131.    As a result of the Decorware Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Decorware Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### G.    Ksperway Defendants

132.    On information and belief, the Ksperway Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

133.    On information and belief, and by way of example, the Ksperway Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Ksperway products.

134.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Ksperway Defendants have been and are now

147891187.1

directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

135.    The Ksperway Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

136.    The Ksperway Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Ksperway Defendants' acts of infringement and, unless the Ksperway Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

137.    As a result of the Ksperway Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Ksperway Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**H.    Ningbo Shanhuang**

138.    On information and belief, Ningbo Shanhuang has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

139.    On information and belief, and by way of example, Ningbo Shanhuang directly infringes the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Luminicious products.

140.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, Ningbo Shanhuang has been and is now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

147891187.1

141.    Ningbo Shanhuang will continue to infringe the '402 patent unless and until it is enjoined by this Court.

142.    Ningbo Shanhuang, by way of its infringing activities, has caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against Ningbo Shanhuang's acts of infringement and, unless Ningbo Shanhuang is enjoined from its infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

143.    As a result of Ningbo Shanhuang's unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from Ningbo Shanhuang the damages adequate to compensate for such infringement, which have yet to be determined.

I.     **Yiwu Shengda**

144.    On information and belief, the Yiwu Shengda Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

145.    On information and belief, and by way of example, the Yiwu Shengda Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Vinkor, Antizer, YIWER, Pandaing, Dabaiyang, Oshine, Junpei, Aku Tonpa, and Evenice products.

146.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Yiwu Shengda Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

147.    The Yiwu Shengda Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

147891187.1

148.     The Yiwu Shengda Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Yiwu Shengda Defendants' acts of infringement and, unless the Yiwu Shengda Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

149.     As a result of the Yiwu Shengda Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Yiwu Shengda Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**J.     Tongfang Defendants**

150.     On information and belief, the Tongfang Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '402 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

151.     On information and belief, and by way of example, the Tongfang Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Tongfang products.

152.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Tongfang Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '402 Patent, either literally or under the doctrine of equivalents.

153.     The Tongfang Defendants will continue to infringe the '402 patent unless and until they are enjoined by this Court.

154.     The Tongfang Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Tongfang Defendants' acts of

23

infringement and, unless the Tongfang Defendants are enjoined from their infringement of the '402 Patent, Plaintiffs will continue to suffer irreparable harm.

155.    As a result of the Tongfang Defendants' unlawful infringement of the '402 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Tongfang Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 9,512,971

156.    Plaintiffs re-allege and incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

### A.      Sterno Home Defendants

157.    On information and belief, the Sterno Home Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '971 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

158.    On information and belief, and by way of example, the Sterno Home Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mirage and Mirage Gold products.

159.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Sterno Home Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '971 Patent, either literally or under the doctrine of equivalents.

160.    The Sterno Home Defendants will continue to infringe the '971 patent unless and until they are enjoined by this Court.

161.    The Sterno Home Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at

trial.  Plaintiffs have no adequate remedy at law against the Sterno Home Defendants' acts of infringement and, unless the Sterno Home Defendants are enjoined from their infringement of the '971 Patent, Plaintiffs will continue to suffer irreparable harm.

162.    As a result of the Sterno Home Defendants' unlawful infringement of the '971 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Sterno Home Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### B.    Lifetime Brands Defendants

163.    On information and belief, the Lifetime Brand Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '971 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

164.    On information and belief, and by way of example, the Lifetime Brand Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mikasa and Scott Living products.

165.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Lifetime Brand Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '971 Patent, either literally or under the doctrine of equivalents.

166.    The Lifetime Brand Defendants will continue to infringe the '971 patent unless and until they are enjoined by this Court.

167.    The Lifetime Brand Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Lifetime Brand Defendants' acts of infringement and, unless the Lifetime Brand Defendants are enjoined from their infringement of the '971 Patent, Plaintiffs will continue to suffer irreparable harm.

168.     As a result of the Lifetime Brand Defendants' unlawful infringement of the '971 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Lifetime Brand Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### C.      MerchSource Defendants

169.     On information and belief, the MerchSource Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '971 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

170.     On information and belief, and by way of example, the MerchSource Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Sharper Image products.

171.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the MerchSource Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '971 Patent, either literally or under the doctrine of equivalents.

172.     The MerchSource Defendants will continue to infringe the '971 patent unless and until they are enjoined by this Court.

173.     The MerchSource Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the MerchSource Defendants' acts of infringement and, unless the MerchSource Defendants are enjoined from their infringement of the '971 Patent, Plaintiffs will continue to suffer irreparable harm.

174.     As a result of the MerchSource Defendants' unlawful infringement of the '971 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to

147891187.1

recover from the MerchSource Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 9,523,471

175.    Plaintiffs re-allege and incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

### A.    Gerson Defendants

176.    On information and belief, the Gerson Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

177.    On information and belief, and by way of example, the Gerson Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Everlasting Glow, Hudson 43, and Oasis products.

178.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Gerson Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

179.    The Gerson Defendants will continue to infringe the '471 patent unless and until they are enjoined by this Court.

180.    The Gerson Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Gerson Defendants' acts of infringement and, unless the Gerson Defendants are enjoined from their infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

181.     As a result of the Gerson Defendants' unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Gerson Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**B.     Veraflame Defendants**

182.     On information and belief, the Veraflame Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

183.     On information and belief, and by way of example, the Veraflame Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Veraflame and Flickering Candle products.

184.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Veraflame Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

185.     The Veraflame Defendants will continue to infringe the '471 patent unless and until they are enjoined by this Court.

186.     The Veraflame Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Veraflame Defendants' acts of infringement and, unless the Veraflame Defendants are enjoined from their infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

187.     As a result of the Veraflame Defendants' unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to

147891187.1

recover from the Veraflame Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### C.    Ksperway Defendants

188.    On information and belief, the Ksperway Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

189.    On information and belief, and by way of example, the Ksperway Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Ksperway products.

190.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Ksperway Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

191.    The Ksperway Defendants will continue to infringe the '471 patent unless and until they are enjoined by this Court.

192.    The Ksperway Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Ksperway Defendants' acts of infringement and, unless the Ksperway Defendants are enjoined from their infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

193.    As a result of the Ksperway Defendants' unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Ksperway Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

147891187.1

### D.     Ningbo Shanhuang

194.    On information and belief, Ningbo Shanhuang has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

195.    On information and belief, and by way of example, Ningbo Shanhuang directly infringes the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Luminicious products.

196.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, Ningbo Shanhuang has been and is now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

197.    Ningbo Shanhuang will continue to infringe the '471 patent unless and until it is enjoined by this Court.

198.    Ningbo Shanhuang, by way of its infringing activities, has caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against Ningbo Shanhuang's acts of infringement and, unless Ningbo Shanhuang is enjoined from its infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

199.    As a result of Ningbo Shanhuang's unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from Ningbo Shanhuang the damages adequate to compensate for such infringement, which have yet to be determined.

### E.     Yiwu Shengda

200.    On information and belief, the Yiwu Shengda Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims

147891187.1

of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

201.     On information and belief, and by way of example, the Yiwu Shengda Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Vinkor, Antizer, YIWER, Pandaing, Dabaiyang, Oshine, Junpei, Aku Tonpa, and Evenice products.

202.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Yiwu Shengda Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

203.     The Yiwu Shengda Defendants will continue to infringe the '471 patent unless and until they are enjoined by this Court.

204.     The Yiwu Shengda Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Yiwu Shengda Defendants' acts of infringement and, unless the Yiwu Shengda Defendants are enjoined from their infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

205.     As a result of the Yiwu Shengda Defendants' unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Yiwu Shengda Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### F.     Tongfang Defendants

206.     On information and belief, the Tongfang Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '471 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

147891187.1

207.     On information and belief, and by way of example, the Tongfang Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Tongfang products.

208.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Tongfang Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '471 Patent, either literally or under the doctrine of equivalents.

209.     The Tongfang Defendants will continue to infringe the '471 patent unless and until they are enjoined by this Court.

210.     The Tongfang Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Tongfang Defendants' acts of infringement and, unless the Tongfang Defendants are enjoined from their infringement of the '471 Patent, Plaintiffs will continue to suffer irreparable harm.

211.     As a result of the Tongfang Defendants' unlawful infringement of the '471 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Tongfang Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 10,533,718

212.     Plaintiffs re-allege and incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

### A.     Gerson Defendants

213.     On information and belief, the Gerson Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the

'718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

214.    On information and belief, and by way of example, the Gerson Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Everlasting Glow, Hudson 43, and Oasis products.

215.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Gerson Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

216.    The Gerson Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

217.    The Gerson Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Gerson Defendants' acts of infringement and, unless the Gerson Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

218.    As a result of the Gerson Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Gerson Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**B.    Sterno Home Defendants**

219.    On information and belief, the Sterno Home Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

220.    On information and belief, and by way of example, the Sterno Home Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Mirage and Mirage Gold products.

221.    By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Sterno Home Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

222.    The Sterno Home Defendants will continue to infringe the''718 patent unless and until they are enjoined by this Court.

223.    The Sterno Home Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Sterno Home Defendants' acts of infringement and, unless the Sterno Home Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

224.    As a result of the Sterno Home Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Sterno Home Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**C.    Lifetime Brands Defendants**

225.    On information and belief, the Lifetime Brand Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

226.    On information and belief, and by way of example, the Lifetime Brand Defendants directly infringe the asserted claims by selling for importation, importing, and

selling in the United States after importation electric candles including, but not limited to, the Mikasa and Scott Living products.

227.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Lifetime Brand Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

228.     The Lifetime Brand Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

229.     The Lifetime Brand Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the Lifetime Brand Defendants' acts of infringement and, unless the Lifetime Brand Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

230.     As a result of the Lifetime Brand Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Lifetime Brand Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### D.     MerchSource Defendants

231.     On information and belief, the MerchSource Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

232.     On information and belief, and by way of example, the MerchSource Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Sharper Image products.

147891187.1

233.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the MerchSource Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

234.     The MerchSource Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

235.     The MerchSource Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law against the MerchSource Defendants' acts of infringement and, unless the MerchSource Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

236.     As a result of the MerchSource Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the MerchSource Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## E.     Decorware Defendants

237.     On information and belief, the Decorware Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

238.     On information and belief, and by way of example, the Decorware Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the DW Home products.

239.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Decorware Defendants have been and are now

36

directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

240.     The Decorware Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

241.     The Decorware Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Decorware Defendants' acts of infringement and, unless the Decorware Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

242.     As a result of the Decorware Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Decorware Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**F.     Ksperway Defendants**

243.     On information and belief, the Ksperway Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

244.     On information and belief, and by way of example, the Ksperway Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Ksperway products.

245.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Ksperway Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

246.     The Ksperway Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

247.     The Ksperway Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against the Ksperway Defendants' acts of infringement and, unless the Ksperway Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

248.     As a result of the Ksperway Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Ksperway Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

### G.     Ningbo Shanhuang

249.     On information and belief, Ningbo Shanhuang has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

250.     On information and belief, and by way of example, Ningbo Shanhuang directly infringes the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Luminicious products.

251.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, Ningbo Shanhuang has been and is now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

252.     Ningbo Shanhuang will continue to infringe the '718 patent unless and until it is enjoined by this Court.

147891187.1

253.     Ningbo Shanhuang, by way of its infringing activities, has caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial. Plaintiffs have no adequate remedy at law against Ningbo Shanhuang's acts of infringement and, unless Ningbo Shanhuang is enjoined from its infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

254.     As a result of Ningbo Shanhuang's unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from Ningbo Shanhuang the damages adequate to compensate for such infringement, which have yet to be determined.

**H.     Yiwu Shengda**

255.     On information and belief, the Yiwu Shengda Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '718 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electric candles.

256.     On information and belief, and by way of example, the Yiwu Shengda Defendants directly infringe the asserted claims by selling for importation, importing, and selling in the United States after importation electric candles including, but not limited to, the Vinkor, Antizer, YIWER, Pandaing, Dabaiyang, Oshine, Junpei, Aku Tonpa, and Evenice products.

257.     By making, using, offering for sale, selling, and/or importing the aforementioned infringing products, the Yiwu Shengda Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the '718 Patent, either literally or under the doctrine of equivalents.

258.     The Yiwu Shengda Defendants will continue to infringe the '718 patent unless and until they are enjoined by this Court.

259.     The Yiwu Shengda Defendants, by way of their infringing activities, have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at

147891187.1

trial.  Plaintiffs have no adequate remedy at law against the Yiwu Shengda Defendants' acts of infringement and, unless the Yiwu Shengda Defendants are enjoined from their infringement of the '718 Patent, Plaintiffs will continue to suffer irreparable harm.

260.    As a result of the Yiwu Shengda Defendants' unlawful infringement of the '718 Patent, Plaintiffs have suffered and will continue to suffer damage.  Plaintiffs are entitled to recover from the Yiwu Shengda Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor as follows:

A.    Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 8,550,660;

B.    Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 9,366,402;

C.    Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 9,512,971;

D.    Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 9,523,471;

E.    Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 10,533,718;

F.    Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of any of Plaintiffs' Patents;

147891187.1

G.      Permanently enjoining the manufacture, use, offering for sale and/or sale of the products and services made and/or sold by Defendants that are found to infringe any of Plaintiffs' Patents;

H.      Awarding to Plaintiffs the damages to which they are entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

I.      Declaring this to be an exceptional case and awarding Plaintiffs' attorneys' fees under 35 U.S.C. § 285;

J.      Awarding Plaintiffs costs and expenses in this action;

K.      Awarding Plaintiffs pre- and post-judgment interest on its damages; and

L.      Awarding Plaintiffs such other and further relief in law or in equity as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any and all issues so triable by right.

147891187.1

Dated:  April 15, 2020                      Respectfully submitted,


By: */s/ Thomas N. Millikan*
    Thomas N. Millikan
    Texas State Bar No. 24105276
    California State Bar No. 234430
    TMillikan@perkinscoie.com
    Joseph P. Reid, *Pro Hac Vice*
    California State Bar No. 211082
    JReid@perkinscoie.com
    PERKINS COIE LLP
    11452 El Camino Real, Suite 300
    San Diego, CA  92130-2080
    Telephone: (858) 720-5700
    Facsimile: (858) 720-5799

    James B. Coughlan, *Pro Hac Vice*
    District of Columbia Bar No. 453033
    PERKINS COIE LLP
    131 S. Dearborn St., Ste. 1700
    Chicago, IL 60603-5559
    Telephone: (312) 324-8400
    Facsimile: (312) 324-9400
    JCoughlan@perkinscoie.com

    ATTORNEYS FOR PLAINTIFFS
    L&L CANDLE COMPANY LLC and
    SOTERA TSCHETTER, INC